**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN MICHIGAN**

RAYMOND MOORE,

    Plaintiff,

                               Case No.

v.

                               Hon.

GENERAL MOTORS COMPANY,
and SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.

    Defendants.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

## **VERIFIED COMPLAINT AND JURY DEMAND**

NOW COMES, Plaintiff, Raymond Moore, by and through his attorneys, Scott P. Batey and the Batey Law Firm, PLLC, and for his Complaint against Defendant states as follows:

    1.    Plaintiff, is a resident of the City of Westland, County of Wayne, and State of Michigan.

2. Defendant, General Motors Company, (hereinafter "GM") is a foreign for-profit corporation whose resident agent is the Prentice-Hall Corporation System, Inc., and whose registered office address is 601 Abbot Road, East Lansing, MI, 48823, and who is duly authorized to do business in the County of Oakland, and State of Michigan.

3. Defendant, Sedgwick Claims Management Services, Inc., (hereinafter "Sedgwick") is a foreign for-profit corporation whose resident agent is CSC-Lawyers Incorporating Service (Company), and whose registered office address is 601 Abbot Road, East Lansing, MI, 48823, and who is duly authorized to do business in the County of Oakland, and State of Michigan.

4. The events producing the original injury occurred in the County of Wayne, State of Michigan and Jurisdiction and venue are proper in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

5. Plaintiff brings this action for damages stemming from the acts and/or omissions of Defendants constituting discrimination, violation of the FMLA, negligence, adverse employment action and wrongful termination which resulted in emotional and economic damages to the Plaintiff in violation of the Americans with Disabilities Act ("ADA"), and the Family Medical Leave Act ("FMLA").

6. The amount in controversy exceeds $75,000.00 and is otherwise within the Jurisdiction of this Court.

## **GENERAL ALLEGATIONS**

7. Plaintiff incorporates by reference paragraphs 1 through 6 of the Complaint as though fully set forth herein.

8. Plaintiff, Raymond Moore is a male who began his employment by Defendant, GM, on or about February 2013, and was most recently employed as an Operations Supervisor.

9. On or about August 3, 2020, Plaintiff woke up with symptoms consistent with Covid-19, including a severe headache and persistent cough.

10. Consistent with GM's policy, Plaintiff placed a call to the GM Nurse. GM instructed Plaintiff to quarantine for 14 days and return to work on August 17, 2020.

11. On or about August 4, 2020 (the following day) Plaintiff's symptoms worsened and he began to experience anxiety regarding COVID-19 and his health. He again called the GM Nurse, who suggested he be tested for Covid-19.

12. On or about August 14, 2020, Plaintiff was inadvertently exposed to someone who had been with a COVID-19 patient. Plaintiff contacted the GM Nurse again. He was instructed to quarantine for an additional 14 days, through August 28, 2020.

13. Plaintiff's anxiety regarding COVID-19and his health continued to worsen.

14. On August 24, 2020, Plaintiff treated with his physician, who diagnosed Plaintiff with clinical stress and anxiety, and prescribed to him certain anti-anxiety medications.

15. Plaintiff's doctor provided him with documentation recommending he be excused from work for 30 days while he remained under medical care. The note indicated Plaintiff would return to work on September 28, 2020.

16. On or about August 25, 2020 (the following day) the GM Nurse informed Plaintiff he would need a letter evidencing he was under medical care, and that he should apply for medical leave through Defendant, Sedgwick.

17. On or about August 26, 2020 (the following day) Plaintiff provided Defendant, Sedgwick, with his application for medical leave, as well as a letter from his physician stating that he would not be able to return to work until September 28, 2020.

18. On or about September 3, 2020, having heard nothing from Defendant, Sedgwick, Plaintiff called again and was told additional paperwork from his doctor's office would be required, and that such documentation should be submitted via facsimile.

19. On or about September 6, 2020, Plaintiff again followed up with Defendant, Sedgwick, and was told for the first time that in order to be approved he would need to treat with a therapist, and provide documentation of his diagnoses through his therapist or mental health professional.

20. Plaintiff moved swiftly to comply with Sedgwick's requirements. On or about September 8, 2020, Plaintiff received a referral from his doctor's office to a therapist for further treatment.

21. Plaintiff continued to monitor his benefit status through his MySedgwick.com accounts and learned that his leave had been approved from 9/10/2020 to 9/29/2020.

22. Throughout the month of September, 2020, Plaintiff worked continuously with his therapist, completing an assessment for clinical stress and anxiety, and receiving treatment as well as attending individual therapy sessions.

23. Plaintiff kept Defendant, Sedgwick, apprised of his treatment, and was continuously told that his FMLA had been approved.

24. On September 30, 2020, Plaintiff received a letter from Defendant, General Motors, informing him he had been terminated for failure to appear at work by September 3, 2020.

25. Upon receiving notice of his termination, Plaintiff immediately contacted Defendant, Sedgwick again, and Sedgwick directed him to his

5

mysedgwick.com page where it showed that his leave had been approved from September 10, 2020 until September 29, 2020.

26. In spite of Plaintiff being approved for FMLA leave and its duty to retroactively apply/approve FMLA leave, Defendant General Motors was unwilling to reinstate him as an employee because Defendant, Sedgwick failed to provide it with confirmation it approved Plaintiff's FMLA leave.

27. Defendants' actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

## COUNT I
## NEGLIGENCE

28. Plaintiffs hereby incorporate by reference each and every allegation as set forth in paragraphs 1 through 28 as though more fully set forth herein.

29. Defendant, Sedgwick, was the third-party administrator for Plaintiff's employer Defendant, General Motors and was responsible for processing medical leaves including FMLA leaves and advising Plaintiff and Defendant, General Motors when Plaintiff's FMLA leaves were approved or denied and whether Plaintiff needed to provide additional medical verification.

30. As Defendant, General Motors' third-party Administrator, Defendant, Sedgwick undertook, assumed and owed a duty to Plaintiff to process his requests for medical leave with reasonable care, prudence and accuracy in accordance with

6

the laws of the State of Michigan thereby creating a special relationship between Plaintiff and Defendant, Sedgwick.

31. Defendant, Sedgwick breached its to Plaintiff by failing to provide Defendant, General Motors with notification that it had approved Plaintiff's FMLA leave.

24. As a direct and proximate result of Defendant, Sedgwick's breach of duties owed to Plaintiff, Plaintiff sustained, and will sustain in the future, injuries and damages, including, but not limited to, loss of earnings; loss of career opportunities; mental and emotional distress; loss of reputation and esteem in the community; and loss of the ordinary pleasures of everyday life, including the opportunity to pursue gainful occupation of choice.

32. Defendant Sedgwick is vicariously liable for the negligence and tortuous conduct of its employees.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest, attorney fees and punitive/treble damages as allowed by statute and any other relief this Honorable Court deems appropriate.

## COUNT II
## VIOLATION OF THE FMLA

33. Plaintiff incorporates by reference paragraphs 1 through 32 of the Complaint as though fully set forth herein.

34. Defendant was Plaintiff's "employer" within the meaning of the FMLA.

35. Plaintiff suffered clinical anxiety, which is a serious medical condition that required Plaintiff's absence from work while he sought treatment.

36. Plaintiff requested and was approved for intermittent medical leaves which were protected under FMLA and which were approved by the Employer.

37. Defendant violated the FMLA by harassing, discriminating against, and/or retaliating, including termination against the Plaintiff in significant part because he exercised rights under the FMLA.

38. As a direct and proximate result, Plaintiff has sustained damages including, but not limited to loss of income, including past and future income, costs and attorney fees.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest, attorney fees and punitive/treble damages as allowed by statute and any other relief this Honorable Court deems appropriate.

## COUNT III
## RETALIATION

35. Plaintiff incorporates by reference paragraphs 1 through 34 of the Complaint as though fully set forth herein.

36. Pursuant to the Family Medical Leave Act, employees are guaranteed

8

the right to be free from discrimination from employers and/or supervisors based upon the use of medical leave.

37. Plaintiff's appropriate use of medical leave was the sole factor in Defendants' employment decisions.

38. Defendant was Plaintiff's employer within the meaning of the FMLA.

39. Plaintiff contacted the appropriate representatives of Defendant, in accordance with Defendants' policies and procedures for requesting medical leave.

40. Plaintiff was engaging in a protected activity when he requested medical leave, pursuant to the FMLA.

41. In response to Plaintiff's approved usage of medical leave, and his several calls to Defendant, GM, regarding his requests for leave, Defendant retaliated against Plaintiff and took adverse employment actions against Plaintiff.

42. Defendant had actual and constructive notice that it was violating Plaintiff's rights under the FMLA.

43. Despite having notice of discrimination, Defendant failed to take any remedial action, but instead took adverse employment action against Plaintiff in retaliation for his complaints and for his requests for leave.

44. As a proximate result of Defendants' retaliation of Plaintiff, Plaintiff has sustained injuries including, but not limited to, mental anguish, fright, shock, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress,

loss of self-esteem, loss of earnings and other employment benefits and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

                    Respectfully submitted,

                    **BATEY LAW FIRM, PLLC**

By: _____
    SCOTT P. BATEY (P54711)
    RYAN T. FOWLER (P84210)
    Attorneys for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, Michigan 48025
    (248) 540-6800
    sbatey@bateylaw.com
    rfowler@bateylaw.com

Dated: March 22, 2021

                    By: /s/ Raymond Moore
                        Raymond Moore, Plaintiff

## DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Raymond Moore, by and through his attorneys, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issued allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/ Scott P. Batey
 SCOTT P. BATEY (P54711)
 RYAN T. FOWLER (P84210)
 Attorneys for Plaintiff
 30200 Telegraph Road, Suite 400
 Bingham Farms, Michigan 48025
 (248) 540-6800
 sbatey@bateylaw.com

Dated: March 22, 2021